DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 EAST BROADWAY BLVD., SUITE 200
TUCSON, AZ 85716-5300
(520) 322-5000

Peter B. Goldman (AZ # 018011)
pgoldman@dmyl.com
Attorneys for Plaintiff

## U.S. DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Southern Skies Opal, LLC, an Arizona limited liability company,<br><br>                          Plaintiff,<br><br>vs.<br><br>Azotic Coating Technology, Inc., a Minnesota corporation,<br><br>                          Defendant. | NO.<br><br>**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>(Assigned to ) |

Plaintiff Southern Skies Opal, LLC ("Southern Skies") seeks a Declaratory Judgment that Southern Skies is not infringing any rights, patent or otherwise, owned by Defendant Azotic Coating Technology, Inc. ("Azotic"). In support of this action, Southern Skies alleges as follows:

**NATURE OF THE ACTION**

1. This Complaint is an action for declaratory relief under the declaratory judgment statute of the United States of America, 28 U.S.C. § 2201(a).

2. This case arises out of the patent laws of the United States of American, 35 U.S.C. §§ 101 et seq.

**PARTIES**

3.  Southern Skies Opal, LLC is an Arizona limited liability company with its principal place of business in Tubac, Arizona.

4.  Upon information and belief, Azotic is a Minnesota corporation having its principal place of business in Rochester, Minnesota.

**JURISDICTION AND VENUE**

5.  This Complaint for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 is properly filed in respect to an actual controversy of which this Court has jurisdiction under the Patent Laws of the United States (35 US.C. § 1 et. seq.) and 28 U.S.C. § 1338.

6.  Personal jurisdiction over the Defendant is proper in this District based on its contacts in this District and the business it advertises for and conducts within with this District.

7.  Defendant Azotic has intentionally reached into the State of Arizona to damage Plaintiff.

8.  Defendant knew or had reason to know that its acts alleged herein were intentional acts expressly aimed or purposefully directed at a resident of the State of Arizona, targeting a known resident of the State of Arizona, and would cause harm, the brunt of which would be suffered and which Defendant knew was likely to be suffered in the State of Arizona.

9.  Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), 1400(b), and by reason of the facts alleged in this Complaint.

10.  Venue in this district is also proper since Azotic is subject to the personal jurisdiction of this Court under Rule 4 of the Federal Rules of Civil Procedure and the long

arm statute of the State of Arizona, Rule 4.1, Arizona Rules of Civil Procedure.

**SUBJECT MATTER OF CONTROVERSY AND ACTS COMPLAINED OF**

11. Southern Skies is a resident of this District and sells a variety of jewelry and gemstones including drusy gemstones and enhanced drusy gemstones.

12. Drusy gemstones, also called drusies, are gemstones with crystalline surfaces covered by tiny facets that reflect light.

13. Enhanced drusy gemstones are drusies that have been coated according to one of several possible processes. The coating gives a multi-colored appearance to the drusy as it is held at various angles to a light source. As the angle changes, the color of the drusy changes. In some cases the coating causes reflection of a single, solid color.

14. On or about September 16, 2011, Azotic circulated a three-page circular to retailers in the gem trade (the "Circular"). The Circular is titled "Drusy Gemstones."

15. Azotic stated that the purpose of the Circular was "to educate retail companies, wholesalers and the buyers representing these companies."

16. In the Circular Azotic states that it holds a portfolio of five (5) patents relating to drusy gemstones, and in particular identifies two: U.S. Patent No. 5,853,826, registration date December 29, 1998 (the " '826 Patent") and U.S. Patent No. 6, 997,014, registration date February 14, 2006 (the " '014 Patent").

17. The Circular states that Azotic has taken action against wholesalers in the trade over the past 10 years and that:

> Beginning in December 2011, Azotic will commence reviewing retail outlets for compliance [with the Patent Act].

18. On information and belief, Azotic warned retailers around the country that its representatives would attend the Tucson Gem and Mineral Show commencing in Tucson, Arizona, on or about Friday, January 27, 2012, and running for approximately two weeks

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

1 through Friday, February 10, 2012.

2     19.    On information and belief, Azotic further warned retailers that it would take 3 legal action for patent infringement against any retailers who import enhanced drusy 4 gemstones into the United States and sell them. Azotic's position, as stated in the Circular, 5 is that enhanced drusy gemstones sold in the United States must be purchased from Azotic 6 because it owns the patents disclosing and claiming the coating technology used to produce 7 enhanced drusy gemstones.

8     20.    As stated in the Circular, the '826 Patent claims multi-color application of 9 gemstone coatings while the '014 Patent claims coatings that display only one color such as 10 a metal coating (gold, silver, etc.).

11     21.    Azotic further stated in the Circular that "drusy gemstones are covered by a 12 minimum of 8 Azotic patent claims" from the '826 and '014 Patents.

13     22.    On or about January 24, 2012, Plaintiff's business partner, Greg Genovese, 14 received an email from Azotic. The email alleged that Southern Skies was selling products 15 that are covered by Azotic's patents including the '826 Patent and the '014 Patent.

16     23.    More particularly, Azotic further alleged in the email that Plaintiff's business 17 was importing enhanced drusy gemstones into the United States and selling them "either 18 individually or in jewelry settings."

19     24.    Azotic alleged that Plaintiff's business is infringing Azotic's patents because 20 the imported gemstones are manufactured by foreign companies according to the technology 21 disclosed and claimed in the Azotic patents which include the '826 and '014 Patents.

22     25.    Azotic stated that it is the Azotic technology "that has created this [enhanced 23 drusy gemstone] market."

24     26.    The email states that Azotic will

25         do what is necessary to protect our intellectual property rights
        and in doing so regret that we may have to be on opposite sides of
26

persons we have had as customers in the past.

27. The email further states that Azotic "will have to act when the time comes for any intellectual property or trademark infringements."

28. The email adds that Azotic's owners, Ron and Debbie Kearnes, intend to visit Southern Skies' booth at the Gem and Mineral Show: "Ron and I will come by your booth in Tucson."

29. Later that same day, January 24, 2012, Mr. Genovese received a second email, this time from Ron Kearnes (the "Second Email").

30. The Second Email quotes Azotic's attorney, Kevin Bennet, warning that

> [e]ach person or company that imports or sells a patented product is liable for patent infringement. While a producer, especially a foreign producer may offer to give a letter stating a product does not infringe a patent, the financial issues are owned by the importer or seller, not the producer outside the United States.

31. On information and belief Ron and Debbie Kearnes are attending the 2012 Tucson Gem and Mineral Show and are visiting booths set up by retail outlets from around the United States, including Plaintiff's.

32. On or about January 24, 2012, Mr. Genovese also spoke to Debbie Kearnes on the telephone. Ms. Kearnes asserted that Mr. Genovese and his organization are infringing the Azotic patents, are "stealing" from Azotic, and are subject to legal action. She then hung up on Mr. Genovese.

33. Azotic has alleged that it owns all rights to the '826 and '014 Patents and that by importing and selling enhanced drusy gemstones, Southern Skies is infringing Azotic's rights under the U.S. patent laws.

34. Azotic alleges that claims 1, 4, 7, 9, 12, and 15 of the '826 Patent, and claims 1 and 2 of the '014 Patent (the "Claims in Suit"), are being infringed by retailers who import

enhanced drusy gemstones manufactured abroad into the United States.

35. Southern Skies is such a retailer and Debbie and Ron Kearnes, owners of Azotic, have alleged that Southern Skies is infringing the Claims in Suit.

36. Azotic's two emails of January 24, and Debbie Kearnes' telephone conversation with Mr. Genovese, constitute specific threats to Southern Skies that if it refuses to stop importing and selling its enhanced drusy gemstones, or any similar products that infringe the Claims in Suit, Azotic will proceed by taking legal action against Southern Skies.

37. Azotic's threats and actions have placed Southern Skies in reasonable apprehension of being sued by Azotic, and have created an actual controversy within the scope of 23 U.S.C. § 220l.

38. Southern Skies believes that it has not violated any of Azotic's rights under the patent laws and is not otherwise liable to Azotic for any actions arising out of the use, sale, or offer for sale of its enhanced drusy gemstones.

39. Southern Skies further alleges that the '826 and '014 Patents are invalid as being anticipated or rendered obvious by prior art under 35 U.S.C. §§ 102 and 103 and perhaps other sections of 35 U.S.C. as well.

40. Southern Skies further alleges that the '826 and '014 Patents are invalid pursuant to 35 U.S.C. § 102(b) because the inventions described and claimed in the Azotic patents, including the '826 Patent and '014 Patent, were in use and on sale in the United States more than one year prior to the respective filing dates of each of the Azotic patents including the '826 Patent and the '014 Patent.

41. Unless Azotic is permanently enjoined from doing so, it will continue to assert its perceived rights against Southern Skies, its officers, and its customers.

42. Unless Azotic is enjoined from doing so, Southern Skies will continue to be greatly and irreparably injured and has no adequate remedy at law.

43. Azotic's charge of patent infringement constitutes a grave and wrongful interference with Southern Skies' business in this District and elsewhere throughout the United States.

## PRAYER FOR RELIEF

WHEREFORE, Southern Skies prays for judgment as follows:

1. For a judgment and declaration that the sales of Southern Skies' drusy gemstone and enhanced drusy gemstone products, or any related products, do not infringe any rights owned by Azotic;

2. For a judgment and declaration that the '826 Patent and '014 Patent are invalid under at least one section of 35 U.S.C.

3. For a decree enjoining and restraining Azotic from all further charges of infringement and violations of rights, including:

    a. threatening Southern Skies' existing or prospective customers, suppliers, dealers or any users of its drusy gemstone and enhanced drusy gemstone products with statements or representations that they are performing acts or engaged in activity that violate Azotic's rights; and

    b. initiating or maintaining infringement litigation, or threatening litigation, against Southern Skies' existing or prospective customers,

suppliers, dealers or any users of its drusy gemstone and enhanced drusy gemstone products that asserts or charges infringement or other violation of Azotic's rights;

4. For damages in the amount proven at trial;

5. For Southern Skies' attorneys' fees;

6. For Southern Skies' costs of suit incurred herein; and

7. For other relief as the Court believes is just and proper.

## JURY DEMAND

Southern Skies demands a jury trial on all triable issues.

DATED this 30th day of January, 2012.

                                        DECONCINI MCDONALD YETWIN & LACY, P.C.

                                        By: /s/ Peter B. Goldman
                                                Peter B. Goldman
                                                2525 E. Broadway Blvd., Suite 200
                                                Tucson, AZ 85716-5300
                                                Attorneys for Plaintiff

# VERIFICATION

STATE OF ARIZONA )
                       ) ss:
COUNTY OF PIMA )

Vincent Gulino, being first duly sworn, upon his oath deposes and says:

1. That he is a Member of the Plaintiff limited liability company in the above-entitled action;

2. That he has read the foregoing Verified Complaint; and

3. That the information and statements contained herein are true to the best of his knowledge, except for those matters alleged on information and belief, and as to those matters, he believes them to be true.

_____
Vincent Gulino

SUBSCRIBED AND SWORN TO before me this _____ day of January, 2012, by Vincent Gulino.

_____
My Commission Expires:      Notary Public

_____