UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Southern Skies Opal, LLC, an Arizona limited liability company,<br><br>                        Plaintiff,<br><br>vs.<br><br>Azotic Coating Technology, Inc., a, Minnesota corporation,<br><br>                        Defendant. | Case No.  CV-12-0073-CKJ<br><br>Honorable Cindy K. Jorgenson |

## DECLARATION OF DEBRA KEARNES

Debra Kearnes, upon her oath and subject to the penalties of perjury, declares as follows:

1.      This Declaration is of my own personal knowledge.  I am an adult individual residing Rochester, Minnesota.  I am not under any disability, and I am competent to make this Declaration.

2.      I am the Office and Sales Manager of Azotic Coating Technology, Inc., ("Azotic"), and have served in that capacity since 1993.

3.      As part of my duties with Azotic, I regularly and routinely have occasion to communicate with actual and potential customers as well as with trade show staff and personnel.

4.      Azotic deals with coatings of Drusies or other materials that are "enhanced" with a deposited coating. The coating is typically provided to brighten, deepen, alter, or enhance the color of the substrate that it coats.

5.      My husband Ron Kearnes founded Azotic in 1993 with Kevin Bennett and Steve Starcke and we have grown the business over time to the point that Azotic is now one of the largest providers of coating services for many products in the jewelry industry. Azotic is continuously researching and developing new coating technologies, and is the owner of several issued patents related to enhancements for jewelry related products. The patents on Azotic's innovations are a crucial component of our ability to compete with foreign manufacturers.

6.      In approximately September, 2011, Azotic transmitted a letter <u>exclusively</u> to our own distributors. The letter provided information to these distributors to better educate them as the wholesalers and the buyers representing Azotic.  A true and accurate copy of the letter is attached hereto as Exhibit 1.

7.      Among other things, the letter states that (1) "Azotic has a number of patents on enhancement of gemstone materials." (2) "Azotic owns a registered Trademark for "Mystic®" in regards to gemstones." and (3) "Azotic recommends that any company thinking about using Drusy not enhanced by Azotic contact an experienced patent attorney for review."

8.      A Drusy is a layer of crystals naturally formed within a mineral crust, like the inner cavity of a geode.

9.      The letter did not threaten any action and certainly did not instruct Azotic's distributors to threaten any action. Rather, the letter explicitly stated:

> Azotic is happy to provide our opinion if a sample is provided for review.  Legal action will not be taken based on the results of the sample review.  However, if determined to be illegal Azotic will request termination of use.

10.     Attached hereto as Exhibit 2 is a true and accurate copy of the Arizona records of Southern Skies Opal, LLC, ("Southern Skies") accessed from the website of the Arizona Corporation Commission on April 3, 2012.

11. Southern Skies is not now, nor has it ever been, a customer or business associate of any kind of Azotic. To the best of my knowledge, Azotic has never had any communications of any kind with Southern Skies prior to the date of filing of the Complaint in the above-captioned action (January 31, 2012).

12. Greg Genovese has been a very small, minor customer of Azotic since approximately March 11, 1996.

13. In May, 2011, Mr. Genovese wrote me a letter, in which Mr. Genovese explained that he would soon begin "representing" a "Brazilian cutter," and that his work with them would allow him to pay an outstanding bill for coating services of over $9,000 ($9,080.90). A true and accurate copy of the May, 2011 letter is attached hereto as Exhibit 3. Thereafter, neither I, nor to the best of my knowledge anyone else at Azotic heard anything more from Mr. Genovese for several months.

14. On approximately January 20, 2012, I telephoned Mr. Genovese with regard to the unpaid amount still owed to Azotic for coating services from the 2011 Tucson Gem and Mineral Show approximately one year earlier. Mr. Genovese indicated that the Brazilian company he was working with was manufacturing drusy gemstone enhancements by vapor deposition of enhancement coatings, but that these gemstones were only being sold in Brazil and Italy. I noted that Azotic would need payment for the amount owed by Mr. Genovese to Azotic at the Tucson Gem Show, and that I would come by to see Mr. Genovese at that show.

15. On January 23, 2011, Mr. Genovese sent me a long email. A true and accurate copy of a printout of the January 23 email from Mr. Genovese is attached hereto as Exhibit 4.

16. The next day, I sent a response to Mr. Genovese. A true and accurate copy of a printout of my response is attached hereto as Exhibit 5.

17.     At no point did I or, to the best of my knowledge and belief after due inquiry, anyone else at Azotic discuss with Mr. Genovese whether any particular product of his or of anyone else infringed, or did not infringe, any particular patent or any particular claim of any particular patent. Neither I nor, to the best of my knowledge and belief after due inquiry, anyone else at Azotic has had any direct communications with Mr. Genovese in 2012 except as delineated above. While Azotic had a casual business relationship with Mr. Genevese prior to the May, 2011 letter from Mr. Genovese to Azotic, neither I nor, to the best of my knowledge and belief after due inquiry, anyone else at Azotic received or inspected any product belonging or purporting to belong to Mr. Genovese or Southern Skies relevant to this litigation.

18.     I attended the Tucson Gem and Mineral Show ("TGMS") from February 2-17 in Tucson Arizona. Neither I nor, to the best of my knowledge and belief formed after due inquiry, any other employee, agent, or representative of Azotic communicated with Southern Skies at the TGMS or purchased gemstones from Southern Skies at the TGMS or thereafter. To the best of my knowledge and belief formed after due inquiry, no employee, agent, or representative of Azotic has any knowledge of any actual or potential customers or business relations of Southern Skies.

19.     To the best of my knowledge and belief formed after due inquiry, no Azotic employee, agent or representative has made any statements to anybody regarding Southern Skies.

20.     A true and accurate copy of U.S. Patent No. 5,853,826 is attached hereto as Exhibit 6.

21.     A true and accurate copy of U.S. Patent No. 6,997,014 is attached hereto as Exhibit 7.

20.     I declare, verify and certify, under penalty of perjury, that the foregoing is true and correct, to the best of my knowledge.

Further Declarant sayeth naught.

Executed in <u>Rochester, MN</u>

Date: April 12, 2012

<u>/s/ Debra Kearnes</u>
Debra Kearnes

*Debra Kearnes* (signature)